1

2

3

4

5

6                   UNITED STATES  DISTRICT COURT

7                      Northern District of California

8

9   TRINA DE LA CHAPELLE,                       No. C 12-2667 MEJ

10                      Plaintiff,          **ORDER GRANTING**
                                            **PLAINTIFF'S MOTION**
          v.
11                                          **TO REMAND (DKT. NO. 10)**
    PDI, INC.,
12
                        Defendants.
13  _____/

14        The background of this wage dispute between Plaintiff Trina de la Chapelle and her former

15  employer, Defendant PDI, Inc., is as follows.  On December 1, 2011, Plaintiff filed a claim with the

16  California Labor Commissioner for unpaid wages, penalties, and interest.  Dkt. No. 1, Notice of

17  Removal ("NOR") ¶ 1.  After holding a hearing, the Labor Commissioner ruled in favor of Plaintiff

18  and awarded her $83,770.28, which consisted of $65,596.16 in wages, $6,870.00 in penalties, and

19  $11,304.12 in interest.  NOR, Ex. A.  On May 4, 2012, Defendant timely appealed this decision,

20  pursuant to California Labor Code § 98.2 ("Section 98.2"), by filing an action in Sonoma County

21  Superior Court.  NOR ¶ 3.  Defendant then removed its own action to this Court based on diversity

22  jurisdiction.  NOR ¶ 8.

23        Plaintiff responded on June 22 by filing a Motion to Remand, which is currently pending

24  before the Court.  Dkt. No. 10.   Plaintiff concedes that there is diversity of citizenship between the

25  two parties, but argues that this matter was improperly removed for two reasons: (1) Section 98.2

26  requires appeals to only be heard in state court, and (2) the $75,000.00 amount in controversy

27  requirement for diversity jurisdiction has not been met.  *Id.*  Because Plaintiff's second argument is

28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

1   correct and dispositive to this entire matter, the Court limits its analysis below to only this issue.[1]

2   The Court also finds that this matter is suitable for resolution without oral argument and VACATES

3   the hearing currently calendared for August, 2, 2012.  *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b).

4          Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions where

5   the suit is between citizens of different states and the amount in controversy, exclusive of interest and

6   costs, exceeds $75,000.00.  In her Motion, Plaintiff argues that this amount has not been satisfied

7   since she was only awarded — excluding interest — $72,466.16 by the Labor Commissioner.  Dkt.

8   No. 10 at 5.  Defendant counters that the amount in controversy has been met because it should

9   include Plaintiff's potential attorneys' fees, which are recoverable through Section 98.2 if she is the

10  prevailing party.  Dkt. No. 15 at 5 (citing Cal. Lab. Code § 98.2(a) ("If the party seeking review by

11  filing an appeal to the superior court is unsuccessful in the appeal, the court shall determine the costs

12  and reasonable attorney's fees incurred by the other parties to the appeal, and assess that amount as a

13  cost upon the party filing the appeal.")).  According to Defendant, if Plaintiff is successful in this

14  appeal — which must be presumed since the Court must assume that Plaintiff will prevail on all of

15  her claims when calculating the amount in controversy — her attorneys' fees will easily surpass

16  $2,533.84 to meet the $75,000.00 amount in controversy requirement.  *Id.* at 6.

17         Defendant's argument, however, is misplaced.  It is true that if a plaintiff's attorneys' fees are

18  recoverable by statute or contract, the potential fees claim is included in determining the amount in

19  controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).  But, when "a

20  statute calls for an award of attorney fees as part of court *costs* (rather than as part of damages), the

21  rule that 'interest[] *and costs*' do not count toward the jurisdictional minimum [] prevails."

22

---

23         [1]  Even if the amount in controversy requirement had been met, the Court would still likely

24  find that this matter was improperly removed.  Under 28 U.S.C. § 1441(a), a defendant may only
    remove an action from state court if the matter could have originally been filed in federal court.

25  Here, Section 98.2 specifically provides that any appeal from a decision by the Labor Commissioner
    must be filed in state court.  Cal. Lab. Code § 98.2(a) ("Within 10 days after service of notice of an

26  order, decision, or award the parties may seek review by filing an appeal to the superior court, where

27  the appeal shall be heard de novo.").  Thus, this appeal was not a matter that could be removed since
    it could never have been originally filed in federal court.

28

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1  Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial*, ¶ 2:1757 (The

2  Rutter Group 2012) (emphasis in original) (citing *Suber v. Chrysler Corp.*, 104 F.3d 578, 588, fn. 12

3  (3rd Cir. 1997)); *see also Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983) ("We conclude that

4  the construction most in accord with § 2310(d), the purpose of which is to restrict access to federal

5  courts, is that 'cost and expenses' should be read as one, and that 'attorneys' fees' are included within

6  that unit.  Thus, 'cost' as used in § 2310(d)(3)(B) includes attorneys fees, and so they cannot be

7  considered in calculating the jurisdictional amount.").

8         Here, Plaintiff may only recover her attorneys' fees due to Section 98.2(c).  This statute

9  specifically instructs a court that when it awards attorneys' fees to the prevailing party, it must

10  "assess that amount as a *cost* upon the party filing the appeal."  Cal. Lab. Code § 98.2(c) (emphasis

11  added).  Accordingly, any attorneys' fees that Plaintiff may potentially recover would be considered

12  as costs and would not be included when calculating the amount in controversy (which explicitly

13  excludes interest and costs).  Because the $75,000.00 amount in controversy requirement for diversity

14  jurisdiction has not been met by Defendant's appeal, this Court lacks subject matter jurisdiction.  *See*

15  28 U.S.C. § 1332(a).  For this reason, the Court GRANTS Plaintiff's Motion (Dkt. No. 10) and

16  REMANDS this action to Sonoma County Superior Court.

17         **IT IS SO ORDERED.**

18

19  Dated: July 24, 2012

20                                                    _____
                                                      Maria-Elena James
                                                      Chief United States Magistrate Judge

21

22

23

24

25

26

27

28

3